## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **FRANCIS A.L. ENGLEBRIGHT, individually** | ) | |
| **and as co-special administrators of the estate of** | ) | |
| **Francis A.L. Englebright, Jr., and** | ) | |
| **ROSELLA ENGLEBRIGHT, individually and** | ) | |
| **as of co-special adminstrators of the estate of** | ) | |
| **Francis A.L. Englebright, Jr.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-CV-0552-CVE-CDL** |
| | ) | |
| **SHANNON BUHL,** | ) | |
| **KODY FISHER,** | ) | |
| **ERIN FAULKENBERRY,** | ) | |
| **BRYAN SMITH, special adminstrator of the** | ) | |
| **estate of Brian Catcher, deceased, and** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>OPINION AND ORDER</u>

Before the Court are Cherokee defendants[1] Shannon Buhl, Kody Fisher, Erin Faulkenberry, and Brian Catcher's motion to dismiss plaintiffs' amended complaint (Dkt. # 34), the United States' motion to dismiss plaintiffs' amended complaint (Dkt. # 36), plaintiffs' responses to both motions (Dkt. ## 39, 40), the Cherokee defendants' reply (Dkt. # 43), and the United States' reply (Dkt. # 44). Additionally, plaintiffs filed alternative applications to amend claims as to the United States (Dkt. # 41) and the Cherokee defendants (Dkt. # 42), if the Court grants the motions to dismiss. The Cherokee defendants (Dkt. # 45) and the United States (Dkt. # 46) responded to the alternative applications, and plaintiffs replied (Dkt. ## 47, 48). The Court finds that it lacks jurisdiction of plaintiffs' claims and plaintiffs fail to state with particularity the grounds upon which they request

---

[1]     Buhl, Fisher, Faulkenberry, and Catcher refer to themselves as "the Cherokee defendants." Dkt. # 34, at 1. Therefore, the Court will also do so herein.

leave to amend.  Therefore, the Court grants the Cherokee defendants' (Dkt. # 34) and the United States' (Dkt. # 36) motions to dismiss the amended complaint, and denies plaintiffs' applications for leave to amend (Dkt. ## 41, 42).

## I.

Plaintiffs allege that, on or about November 29, 2022, Cherokee Nation marshal Buhl, the head of a group of tribal and state/state subdivision law enforcement officers, went to the plaintiffs' property.[2]  Dkt. # 9, at 2.  Plaintiffs claim that Cherokee Nation assistant marshal Fisher was second in charge at the scene and that Faulkenberry, a member of the Cherokee Nation Attorney General's office, was present to direct decedent Francis Englebright, Jr.'s arrest.  Id.  Plaintiffs allege that Buhl, Fisher, and Faulkenberry acted as a "triumvirate" by jointly directing the activity at the scene and that they recklessly and intentionally escalated the situation by threatening decedent with arms when he was giving up, unarmed, and not dangerous.  Id. at 2-3.  Plaintiffs claim that Catcher and/or others acted as the sharpshooters for the Cherokee Nation Marshal Service and recklessly and without right shot decedent at the triumvirate's direction.  Id. at 3.  Plaintiffs allege that defendants acted in agreement and consultation as to: the shooting and killing of decedent; the warrantless seizure and handcuffing of plaintiff Francis Englebright; the warrrantless and without right removal of plaintiff Rosella Englebright from her property; and the post-killing warrantless entry into plaintiffs' house and destruction of their real and personal property.  Id.

On November 15, 2024, plaintiffs filed a complaint against the Cherokee defendants in which plaintiffs alleged violations of the Fourth and Fourteenth Amendments. Dkt. # 2. On January

---

[2]      While plaintiffs state that they are residents of Mayes County, Oklahoma (Dkt. # 9, at 1), plaintiffs do not specifically allege that the events occurred within Mayes County.

3, 2025, plaintiffs filed an amended complaint and added the United States as a defendant. Dkt. # 9. Plaintiffs allege that the Cherokee defendants violated plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights, and that the United States is liable under the Federal Tort Claims Act (FTCA) for the Cherokee Nation Marshal Service members' actions. Id. at 1, 2, 3. Plaintiffs seek a "judgment against [d]efendants and each of them in the sum of $7[.3 million] for damages from the wrongful acts against decedent and $175[ thousand] individually for damages to them and their property." Id. at 4. Further, plaintiffs claim that the United States received timely notices under the FTCA, the United States denied the notices, and all conditions precedent to this action have been met. Id. at 2.

On March 14, 2025, the Cherokee defendants (Dkt. # 34) and the United States (Dkt. # 36) filed motions to dismiss plaintiffs' amended complaint. Plaintiffs filed responses (Dkt. ## 39, 40), and defendants filed replies (Dkt. ## 43, 44). On April 2, 2025, plaintiffs filed alternative applications to amend claims as to the United States (Dkt. # 41) and the Cherokee defendants (Dkt. # 42) if the Court grants the motions to dismiss, to which defendants responded (Dkt. ## 45, 46) and plaintiffs replied (Dkt. ## 47, 48).

## II.

Defendants request that the Court dismiss plaintiffs' amended complaint under Rule 12(b)(1) or Rule 12(b)(6). Dismissal of claims under Rule 12(b)(1) is appropriate if the district court lacks subject matter jurisdiction. "Rule 12(b)(1) motions generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin.

Servs., Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting Maestas v. Lujan, 351 F.3d 1001, 1013 (10th Cir. 2003)).  Where a motion to dismiss is based on a facial attack, as here, courts "apply the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action." Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face[,]" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 570 (citations omitted).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563.  Although decided within an antitrust context, Twombly "expounded the pleading standard for 'all civil actions.'" Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without

supporting factual averments are insufficient to state a claim on which relief can be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.

The Court will first consider defendants' motions to dismiss. In plaintiffs' amended complaint, plaintiffs raise claims against the Cherokee defendants for allegedly violating plaintiffs' constitutional rights and raise a claim against the United States under the FTCA for the actions of the Cherokee Nation Marshal Service's members. Dkt. # 9, at 1, 3. The Court will consider its subject matter jurisdiction of the claims against the Cherokee defendants and against the United States separately.

**A. Cherokee defendants**

Plaintiffs allege that the Cherokee defendants—the Cherokee Nation marshal, the assistant Cherokee Nation marshal, a member of the Cherokee Nation Attorney General's office, and a sharpshooter for the Cherokee Nation marshal service—violated plaintiffs' and decedent's Fourth, Fifth, and Fourteenth Amendment rights. Dkt. # 9, at 1-3. The Cherokee defendants argue that sovereign immunity bars plaintiffs' claims and that plaintiffs fail to state a claim for relief against the Cherokee defendants. Dkt. # 34, at 1. Plaintiffs respond that: sovereign immunity does not bar the claims against the Cherokee defendants because they acted as federal law enforcement officers and outside the scope of their employment; that plaintiffs "[h]ave [c]laims" under state tort law[3] or

---

[3]    Plaintiffs argue that they alleged tort claims against the Cherokee defendants because, "[t]o the extent that the acts of the individual [d]efendants are not shielded by sovereign immunity/the [FTCA], then those [d]efe[n]dants stand in the position of individuals committing egregious acts, including trespass vi et armis, negligent or willful injury to property, assault and battery, and wrongful death." Dkt. # 40, at 5, 7. However, plaintiffs make no such allegations in the amended complaint, and the Court is not obligated to construct legal theories for plaintiffs based on plaintiffs' alleged facts. Therefore, the Court

federal common law;[4] and that plaintiffs sufficiently pleaded their claims.[5]  Dkt. # 40, at 2-3, 4, 6.
The Cherokee defendants reply that plaintiffs failed to allege that the Cherokee defendants acted as
federal law enforcement officials or outside the scope of their official capacities in their amended
complaint and that plaintiffs have not identified a legally cognizable claim for relief or sufficiently
pleaded their claims against the Cherokee defendants.  Dkt. # 43, at 1, 2, 4, 5, 7.

"Tribal sovereign immunity is a matter of subject matter jurisdiction[.]"  E.F.W. v. St.
Stephen's Indian High Sch., 264 F.3d 1297, 1302 (10th Cir. 2001).  "As a matter of federal law, an
Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its
immunity."  Burrell v. Armijo, 456 F.3d 1159, 1173 (10th Cir. 2006) (quoting Kiowa Tribe of Okla.
v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998)).  However, "[a]n Indian tribe's 'sovereign immunity
does not extend to an official when the official is acting as an individual or outside the scope of
those powers that have been delegated to him.'"  Id. at 1174 (quoting Tenneco Oil Co. v. Sac & Fox
Tribe of Indians, 725 F.2d 572, 576 n. 1 (10th Cir.1984) (McKay, J., concurring)).  Therefore,
"'when a complaint alleges that the named officer defendants have acted outside the amount of

---

finds that plaintiffs do not raise tort claims against the Cherokee defendants.  FED. R. CIV.
P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement
of the claim showing that the pleader is entitled to relief . . . .").

[4]    The Court infers from plaintiffs' response to the Cherokee defendant's motion to dismiss that
plaintiffs intended to raise claims under Bivens v. Six Unknown Named Agents of Fed.
Bureau of Narcotics, 403 U.S. 388 (1971).  Dkt. # 40, at 6.  However, an individual may only
raise a Bivens claim "against a federal official in his individual capacity for damages arising
out of the official's violation of the United States Constitution under color of federal law or
authority."  Dry v. United States, 235 F.3d 1249, 1254-55 (10th Cir. 2000) (emphasis in
original).  In the amended complaint, plaintiffs failed to plead a Bivens claim or to allege
that defendants acted as federal officers under color of federal law or authority.  Thus, the
Court finds that plaintiffs do not raise Bivens claims against the Cherokee defendants.

[5]    Plaintiffs also state that they do not bring claims under 42 U.S.C. § 1983.  Dkt. # 40, at 4.

authority that the sovereign is capable of bestowing, an exception to the doctrine of sovereign immunity is invoked."' Id. (quoting Tenneco Oil Co., 725 F.2d at 576 n.1).

In plaintiffs' amended complaint, plaintiffs do not allege that the Cherokee defendants exceeded the scope of their authority as officers of the Cherokee Nation or that they acted as individuals.  Therefore, the Court finds that the Cherokee defendants are immune from suit in their official capacities.  Dry v. United States, 235 F.3d 1249, 1253 (10th Cir. 2000) (finding that, where the "[p]laintiffs [did] not argue[] that the tribal defendants [] waived their immunity, nor [] [] pointed to any congressional abrogation thereof[,]" the "tribal officials [we]re therefore immune from suit in their official capacities.") As the Court lacks jurisdiction of plaintiffs' claims against the Cherokee defendants, the Court dismisses the claims under Rule 12(b)(1).[6]  Further, even if plaintiffs properly pleaded that an exception to the doctrine of sovereign immunity applied, or, in other words, pleaded claims against the Cherokee defendants in their individual capacities, the Court would still dismiss plaintiffs' claims against the Cherokee defendants because "the [Cherokee] defendants are not bound by the United States Constitution[,]" and plaintiffs cannot state claims for federal constitutional violations against the Cherokee defendants.  Id. at 1255; Oviatt v. Reynolds, 733 F.

---

[6]     The Court also considered whether the exhaustion of tribal remedies rule applies to plaintiffs' claims against the Cherokee defendants. "When a federal court has subject-matter jurisdiction over a claim arising in Indian country over which a tribal forum has colorable jurisdiction, principles of comity and the federal policy of promoting tribal self-government generally require that the plaintiff fully exhaust tribal remedies before proceeding in federal court." Chegup v. Ute Indian Tribe of Uintah & Ouray Rsrv., 28 F.4th 1051, 1060 (10th Cir. 2022).  "The tribal exhaustion rule applies broadly, generally covering any case in which 'the activity at issue arises on the reservation[]" and "does not depend upon the existence of a pending action in the tribal forum." Id. (quoting Texaco, Inc. v. Zah, 5 F.3d 1374, 1376, 1378 (10th Cir. 1993)).  Accepting plaintiffs' allegations as true and construing them in the light most favorable to plaintiffs, the Court cannot conclude that a tribal forum has colorable jurisdiction because plaintiffs do not state where the alleged acts occurred or whether they are tribal members.

App'x 929, 933-34 (10th Cir. 2018) (unpublished)[7] (holding that the plaintiffs' claims that the tribal officers' violated the Fourth Amendment were frivolous and could not establish federal question jurisdiction because the Fourth Amendment does not bind Indian tribes).

## B. United States

Plaintiffs allege that, under the FTCA, the United States is liable for the Cherokee defendants' conduct because of "their contract under the Indian Self-Determination and Education Assistance Act" (ISDEA). Dkt. # 9, at 1. The United States argues that it has not waived its sovereign immunity to be sued for constitutional violations, and plaintiffs fail to state any tort claim under the FTCA. Dkt. # 36, at 2. Plaintiffs respond that defendants bear a heavy burden on a motion to dismiss, and the facts as alleged "[g]ive [r]ise" to state law liability. Dkt. # 39, at 1, 3. The United States replies that it cannot be liable for the alleged constitutional violations, and plaintiffs fail to state a claim. Dkt. # 44, at 1, 2.

Under 28 U.S.C. § 1346(b), the FTCA "gives federal district courts exclusive jurisdiction over claims against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of a federal employee acting within the scope of his office or employment."[8] Millbrook v. United States, 569 U.S. 50, 52 (2013) (citing 28 U.S.C. § 1346(b)(1)) (internal quotations omitted). The Act was "designed primarily to remove the

---

[7]    While unpublished decisions are not precedential, the Court cites this and other unpublished decisions for their persuasive value. 10th Cir. R. 32.1(A).

[8]    As a tribal court cannot have jurisdiction of an FTCA claim, the tribal remedy exhaustion rule does not apply to plaintiffs' claim against the United States. Chegup, 28 F.4th at 1060 ("[E]xhaustion of tribal remedies is unnecessary . . . [if] it is otherwise clear that the tribal court lacks jurisdiction so that the exhaustion requirement would serve no purpose other than delay).

sovereign immunity of the United States from suits in tort." Id. (quoting Levin v. United States, 568 U.S. 503, 505 (2013)).  To state a claim under § 1346(b) of the FTCA, plaintiffs must allege a claim that is:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government[9] [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Brownback v. King, 592 U.S. 209, 212, 217-18 (2021).  Therefore, "the FTCA's waiver of sovereign immunity is limited to conduct for which a private person could be held liable under state tort law, see 28 U.S.C. §§ 1346(b), 2674 . . . ."  United States v. Agronics, 164 F.3d 1343, 1346 (10th Cir.1999).  "[I]n the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional."  Brownback, 592 U.S. at 217.

Plaintiffs premise their FTCA claim against the United States on alleged violations of federal constitutional amendments by the Cherokee defendants.  Dkt. # 9, at 1, 2.  However, "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."  F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994).  Further, while plaintiffs argue that the alleged facts give rise to state tort liability (Dkt. # 39, at 3-4), plaintiffs fail to allege violations of state tort law in the

---

[9]    Under the ISDEA, the United States may contract with tribes to provide law enforcement funding, and, "[u]nder such contracts, 'an Indian tribe . . . and its employees are deemed employees of the [United States] while acting within the scope of their employment in carrying out the contract or agreement.'"  See Martinez v. United States, 822 F. App'x 671, 673 n.1 (10th Cir. 2020) (unpublished) (quoting Department of the Interior and Related Agencies Appropriation Act, 1991, Pub. L. No. 101-512, 104 Stat. 1915, 1960 (codified in 25 U.S.C. § 5301 et seq.)). In this opinion and order, the Court does not opine as to whether the Cherokee defendants acted as federal officers.

amended complaint.[10]  Therefore, the Court does not have jurisdiction of plaintiffs' claim against the United States because plaintiffs fail to allege the sixth element of an FTCA claim—an actionable claim under state tort law, and the Court dismisses plaintiffs' claim as to the United States under Rule 12(b)(1).

## IV.

Plaintiffs also filed alternative applications to amend their claims as to the United States (Dkt. # 41) and the Cherokee defendants (Dkt. # 42) under Rule 15(a)(2).[11]  Plaintiffs seek leave to amend because, "to the extent that there are claims that could be made, it is appropriate for the [C]ourt to identify what insufficiencies there are and allow [p]laintiffs leave to cure any defects found."  Dkt. # 41, at 1; Dkt. # 42, at 2.  While they recognize that "it is appropriate to submit their amended allegations in conjunction with th[eir] application[s,]" they argue that such a submission is "premature" until the Court rules on the sufficiency of their amended complaint.  Dkt. # 41, at 2; Dkt. # 42, at 2.  The Cherokee defendants respond that plaintiffs' request is futile because sovereign

---

[10]     Plaintiffs argue that they raised tort claims against the Cherokee defendants and, thus, raised an FTCA claim against the United States because:

> Although the above [alleged facts] may <u>also</u> be violations of the U.S. Constitution, they also give rise to liability under state law . . . . And, although state law is not quoted in the [a]mended complaint, as shown in this [p]roposition[,] there is no need to; that law is applied to the facts that have been alleged.

Dkt. # 39, at 2-3 (emphasis in the original).  Plaintiffs then argue that the facts as alleged would subject defendants to liability under state tort law for trespass vi et armis, negligent and willful injury to property, trespass, assault, battery, wrongful death, and negligence per se.  <u>Id.</u> at 3-4.  However, plaintiffs do not make these allegations in their amended complaint, and the Court finds plaintiffs argument—that they do not have to state the tort claims upon which they base their FTCA claim in their amended complaint—is frivolous.

[11]     As stated above, plaintiffs have already amended their complaint once.  <u>See</u> Dkt. ## 2, 9.

immunity bars plaintiffs' claims against them. Dkt. # 45, at 1. The United States responds that its motion to dismiss shows the futility of plaintiffs' claims, and that plaintiffs are relying on the Court to correct their pleading. Dkt. # 46, at 2. Plaintiffs reply that amendment is not futile. Dkt. ## 47, 48.

Under Rule 15(a)(2), "a party may amend its pleading with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The decision to grant leave to amend is within the discretion of the district court, but, when leave is sought, it should be "freely given when justice so requires." Id.; Bradley v. Val-Mejias, 379 F.3d 892, 900-91 (10th Cir. 2004). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo., 771 F.3d 697, 706 (10th Cir. 2014) (quoting Calderon v. Kan. Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1186 (10th Cir. 1999)).

However, "any request for a court order, such as a request for leave to amend, must state with particularity the grounds for the order." Brooks v. Mentor Worldwide LLC, 985 F.3d 1272, 1283 (10th Cir. 2021).[12] Therefore, "a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." Calderon, 181 F.3d at 1186-87. This requirement ensures that district courts are not required "'to engage in independent research

---

[12]    Plaintiffs cite Brooks, 985 F.3d 1272, as requiring that plaintiffs request leave to amend independent of their responses to the motions to dismiss. Dkt. # 41, at 2; Dkt. # 42, at 2. While the Tenth Circuit in Brooks explained that "[a] court need not grant leave to amend when a party fails to file a formal motion[,]" the circuit also explained that "a request for leave to amend[] must state with particularity the grounds for the order." Id. at 1283. The Tenth Circuit did not hold that filing a separate order obviated the requirement that plaintiffs state the grounds for their motion.

or read the minds of litigants to determine if information justifying an amendment exists.'" Id. at

1187 (quoting Brever v. Rockwell Int'l Corp., 40 F.3d 1119, 1131 (10th Cir. 1994)). "Although [a

plaintiff's] failure to attach a proposed amendment [does] not in itself [] justif[y] denying him leave

to amend," a court may deny a plaintiff's request to amend if the plaintiff "nowhere explain[s] how

a proposed amendment would cure the deficiencies identified by the district court['s]" ruling on a

motion to dismiss.  Hall v. Witteman, 584 F.3d 859, 868 (10th Cir. 2009).

Plaintiffs fail to provide adequate notice to the Court and defendants as to the basis of their

proposed second amended complaint.  Rather, plaintiffs ask the Court to analyze the sufficiency of

a hypothetical second amended complaint that they purport would address any deficiencies the Court

has identified in this opinion and order.  Therefore, the Court denies plaintiffs' applications to amend

their amended complaint.[13]  See Albers, 771 F.3d at 706 (finding that a plaintiff's request for leave

to file an amended complaint, "unsupported by argument or a proposed [] [a]mended [c]omplaint,

was insufficient to notify the court and opposing counsel of the grounds for amendment").

**IT IS THEREFORE ORDERED** that the Cherokee defendants' (Dkt. # 34) and the United

States' (Dkt. # 36) motions to dismiss plaintiffs' amended complaint are **granted**.  Plaintiffs'

amended complaint is dismissed **without prejudice**. A separate judgment of dismissal is entered

herewith.

**IT IS FURTHER ORDERED** that plaintiffs' alternative applications to amend claims as

to the United States (Dkt. # 41) and the Cherokee defendants (Dkt. # 42) are **denied**.

---

[13]     Thus, the Court does not reach the purported futility of plaintiffs' proposed amended
complaint.  Further, the Court does not rely on the United States' refuted allegation that
plaintiffs' counsel did not contact its counsel regarding a proposed amendment.  Dkt. # 46,
at 2; Dkt. # 47-1 .

**DATED** this 1st day of May, 2025.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE